## WHITESIDE v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 21, 1929.

No. 5911.

George E. Flood, of Seattle, Wash., Elton Watkins, Alfred P. Kelley, and Teal, Winfree, McCulloch & Shuler, all of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Chas W. Erskine, Asst. U. S. Atty., both of Portland, Or.

Before DIETRICH and WILBUR, Circuit Judges, and LOUDERBACK, District Judge.

WILBUR, Circuit Judge. Appellant brought an action against the government to recover upon a war risk insurance policy which had lapsed, alleging that before it lapsed he had become totally and permanently disabled. The government admitted the total and permanent disability of the appellant, but alleged that such permanent disability occurred several years after the lapse of the policy. The case was tried before a jury, and a verdict rendered in favor of the government. The appellee moves to dismiss the appeal on the ground, first, that there is no bill of exceptions; second, that the insufficiency of the evidence to sustain a verdict cannot be urged for the first time in a motion for a new trial; third, that the decision of the trial judge upon a motion for new trial is not reviewable, unless there is manifest abuse of discretion.

The typewritten record before us shows a proposed bill of exceptions presented by the appellant which the trial judge declined to settle, "for the reason that no exceptions appear therein." The appellant contends that the trial judge should have settled the bill of exceptions, regardless of the fact that it contained no exception. However that may be, this is not a proceeding for the settlement of a bill of exceptions, and, none having been settled, the appeal must be determined upon the

record as it stands without any bill of exceptions, for this court is confined in its review to the record as defined by the law and by the rules of the court. The clerk of the District Court has transmitted to this court a copy of the appellant's proposed bill of exceptions certified as disallowed by the trial judge, and also a transcript of the testimony and charge to the jury. The parties, in their briefs, have discussed this record as though it were properly before this court for its consideration. The appellant makes two claims for a reversal; one, that the uncontroverted evidence sustains his claims and justifies this court as a matter of law in therefore reversing the judgment based upon the finding of the jury to the contrary, and the other that the jury was improperly instructed as to the practice of the government in giving vocational training to disabled veterans. As to the first point, the evidence of the appellant, who was a surgeon in the army, shows that he received vocational training as specialist in eye, ear, nose, and throat diseases, and that, after completing that course, he successfully practiced that specialty for some time, and several physicians acquainted with his work and duties testified that in their opinion he was not totally disabled, and was, for a number of years, able to perform the duties of such a specialist. This evidence would support the verdict.

As to the second point, relating to the charge to the jury, the appellant, in his reply brief, claims that a colloquy which occurred between the court and counsel in response to a question asked by a juror was prejudicial, and that, while no exception thereto was reserved by the appellant, the record sufficiently shows his dissent, and that such dissent so manifested was the equivalent of an exception. This colloquy, as set out in appellant's reply brief, was as follows:

"A Juror: I wanted to inquire if vocational training was open to veterans that are permanently and totally disabled.

"Court: I think not, if they are permanently and totally disabled. I think the vocational training is given to disabled soldiers who are unable to follow their usual vocation. Am I right?

"Mr. Erskine: That is right.

"Mr. Watkins: I think, your Honor, to this extent: If they are totally disabled from following their vocation, and the government believes they might rehabilitate them for some other, they would then give them vocational training just the same whether they were totally disabled or not.

"Mr. Erskine: If they were totally and permanently disabled, the government will not give them vocational training.

"The Court: If they were totally and permanently disabled it would be of no benefit to them. It would be of no use to a man in that event."

It is evident that Mr. Watkins, representing appellant, not only did not except or dissent, but that, on the contrary, he expressly agreed with the court as to a veteran who was both totally and permanently disabled, and merely pointed out that in his opinion, where a veteran was totally disabled, but it was believed by the government that such total disability was not permanent but was remediable by vocational training in some other occupation than that for which the veteran was disabled, he would be given such training.

The appellant is not now clear as to how or in what manner this matter prejudiced his case. His brief discloses that the matter is not one of law but of the practice adopted by the Veterans' Bureau. "It is difficult to say therefore, just what erroneous impression may have been created in the minds of the jurors by this statement of the court, and how far they may have been misled into thinking that it was not within their province to award the plaintiff a permanent total disability throughout the period in which the government had already granted him vocational training."

We doubt whether the matter complained of was prejudicial, and no objection was interposed thereto and no exception reserved. We have discussed these propositions advanced by the appellant solely because of the power of this court to retain jurisdiction of the case until there is a settlement of a bill of exceptions in an appropriate proceeding, but no request for such action has been made, and it is clear that such a course would be wholly useless. Motion to dismiss denied.

Judgment affirmed.